**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1016

In re: AMERICAN CENTER FOR CIVIL JUSTICE, INC.,
Debtor

LAW OFFICES OF WILLIAM S. KATCHEN, LLC.
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3-20-cv-06333)
U.S. District Judge: Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
On December 8, 2022

Before: SHWARTZ, MATEY, and FUENTES, *Circuit Judges*

(Filed: December 23, 2023)

_____

**OPINION**[*]

_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

FUENTES, *Circuit Judge*.

Creditors who participate in a bankruptcy proceeding must ordinarily bear their own expenses and attorney fees.[1] The Bankruptcy Code provides a limited exception to this rule: a creditor who makes a "substantial contribution" to a debtor's bankruptcy case may recover reasonable fees from the estate as an administrative expense.[2] Appellant The Law Offices of William S. Katchen LLC ("Appellant") seeks attorney fees for its representation of a creditor in connection with the chapter 11 bankruptcy of American Center for Civil Justice, Inc. ("ACCJ"). The Bankruptcy Court found that Appellant did not substantially contribute to ACCJ's case and rejected its fee application without an evidentiary hearing. Appellant claims this was error. For the reasons set forth below, we disagree.

## I. Factual Background

ACCJ and its creditor, American Center for Civil Justice, Religious Liberty & Tolerance ("RLT"), are affiliated not-for-profit entities with similar missions. In March 2018, ACCJ filed a voluntary petition for chapter 11 bankruptcy that listed an undisputed $14.8 million claim by RLT (the "RLT Claim"). The RLT Claim arose from a 2007 agreement between ACCJ and RLT. The Bankruptcy Court found that ACCJ and RLT had a shared interest in defending the continued validity of that agreement. However, several other creditors of ACCJ objected to the RLT Claim and moved to disallow it.

---

[1] *See Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015).

[2] *See* 11 U.S.C. § 503(b)(3)(D), (b)(4).

RLT hired Appellant to represent it in connection with ACCJ's bankruptcy. The resulting engagement letter stated that Appellant would represent RLT as a "non-priority, Unsecured Creditor" in ACCJ's bankruptcy and mentioned no other services.[3] Appellant and ACCJ's bankruptcy counsel, Timothy P. Neumann, thereafter engaged in a joint defense strategy to defend the RLT Claim and the 2007 agreement against allegations of fraud, breach of fiduciary duty, and alter ego. Ultimately, Appellant provided $97,734.00 in legal services to RLT in this capacity.

RLT itself later filed for bankruptcy and applied, pursuant to 11 U.S.C. § 327(a), to hire Appellant to represent it in connection with its own bankruptcy case. The United States Trustee opposed RLT's § 327(a) application because Appellant was a pre-petition creditor of RLT and therefore not a disinterested person. To resolve this dispute, Appellant agreed to "waive any and all pre-petition claims against [RLT]" and return $97,734.00 held in Appellant's trust account to RLT.[4] The Bankruptcy Court ordered that Appellant, "[n]otwithstanding any such waiver," would "retain the right to file an 11 U.S.C. § 503(b)(4) claim against [ACCJ]."[5]

Appellant then filed the present motion to receive fees paid out of ACCJ's bankruptcy estate pursuant to 11 U.S.C. § 503(b), arguing that through its representation

---

[3] JA594.

[4] SA003.

[5] SA003.

of RLT, it substantially contributed to ACCJ's bankruptcy case.[6] The United States Trustee, ACCJ, and RLT all opposed Appellant's fee application. After oral argument on May 12, 2020, the Bankruptcy Court held that Appellant did not substantially contribute to ACCJ's case and denied its motion. Specifically, the Bankruptcy Court made a factual determination that Appellant provided only an "incidental" benefit to ACCJ through its defense of the 2007 agreement, which is insufficient to justify a fee award.[7]

The District Court affirmed the Bankruptcy Court's denial of Appellant's fee application and rejected Appellant's alternative argument that remand was required for a "full evidentiary hearing" on the substantial contribution issue.[8] The District Court also denied Appellant's subsequent motion for reconsideration. Appellant now appeals to this Court.

## II. Jurisdiction and Standard of Review

The Bankruptcy Court had jurisdiction over this core bankruptcy proceeding under 28 U.S.C. §§ 157(a)–(b), 1334. The District Court had jurisdiction under 28 U.S.C. § 158(a)(1). We have jurisdiction under 28 U.S.C. § 158(d)(1).

Our review of a bankruptcy court's decision "duplicates that of the district court and we view the bankruptcy court decision unfettered by the district court's determinations."[9]

---

[6] Appellant attached his time records from the relevant time period in support of this motion.

[7] JA627–30.

[8] JA14.

[9] *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 370 (3d Cir. 2022) (citation omitted).

"[W]e review the bankruptcy court's legal determinations de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion."[10]

### III. Analysis

Appellant does not directly challenge the Bankruptcy Court's factual determination that it made no "substantial contribution" to ACCJ's bankruptcy but instead argues that the Bankruptcy Court was obligated to conduct an evidentiary hearing before making that decision.[11] We disagree.

Under limited circumstances, the Bankruptcy Code allows a creditor's attorney fees to be paid out of the debtor's estate as an administrative expense.[12] In relevant part, 11 U.S.C. § 503(b)(3)(D) permits a creditor to recover the "actual, necessary expenses" that it incurred "in making a substantial contribution in a case under chapter . . . 11 of this title." Section 503(b)(4) then permits the recovery of "reasonable compensation for professional services rendered by an attorney . . . of an entity whose expense is allowable under [11 U.S.C. § 503(b)(3)(D)]". Appellant argues that it substantially contributed to ACCJ's

---

[10] *Id.* (citing *In re Somerset Reg'l Water Res., LLC*, 949 F.3d 837, 844 (3d Cir. 2020)).

[11] Appellant argues in passing that "the District Court improperly rejected Katchen's arguments showing how his work for RLT substantially contributed to ACCJ's bankruptcy petition," but Appellant does not further elaborate on this point. Appellant's Br. at 11. "As this argument was vaguely presented without factual or legal support, it is forfeited for lack of development." *N.J. Dep't of Env't Prot. v. Am. Thermoplastics Corp.*, 974 F.3d 486, 492 n.2 (3d Cir. 2020) (citing *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997)).

[12] *See* 11 U.S.C. § 503(b)(3)(D), (b)(4).

bankruptcy through its representation of RLT and is therefore entitled to compensation from the estate.[13]

Creditors are presumed to act in their own self-interest until they demonstrate otherwise.[14] To rebut this presumption and establish a "substantial contribution," the applicant must show that his efforts (1) "resulted in an actual and demonstrable benefit to the debtor's estate *and the creditors*;" and (2) the benefit to the estate was not simply "incidental" to self-interested pursuits.[15] Put differently, the applicant must show that his "actions were designed to benefit *others* who would foreseeably be interested in the estate."[16] The existence of a "substantial contribution" is ultimately a question of fact, and "the bankruptcy court . . . is in the best position to perform the necessary fact finding task."[17] We review the Bankruptcy Court's findings in this regard for clear error, "in other words, with a serious thumb on the scale for the bankruptcy court."[18]

---

[13] Appellees argue that as a threshold matter, Appellant lacks statutory standing to seek fees under § 503(b) because its client, RLT, suffered no out-of-pocket expenses. The Bankruptcy Court did not directly consider this issue, and we need not do so to resolve the present case because it does not implicate Appellant's Article III standing. Even assuming that Appellant had the right to seek fees under § 503(b)(4), we affirm the Bankruptcy Court's determination that Appellant's legal services for RLT did not substantially contribute to ACCJ's bankruptcy.

[14] *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 946 (3d Cir. 1994).

[15] *Id.* at 944 (emphasis added).

[16] *Id.* at 946 (emphasis added).

[17] *Id.*

[18] *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 966 (2018).

Here, Appellant's application to the Bankruptcy Court primarily relied on ACCJ's and RLT's shared interest in the continued validity of their 2007 agreement. Appellant's principal averred that he engaged in a joint defense strategy with ACCJ's counsel to defend ACCJ and RLT against allegations of "fraud, breach of fiduciary duties, [and] alter ego as a basis to disallow the RLT Claim."[19] As the District Court observed, however, nothing in the record suggests that Appellant consulted with other creditors of ACCJ or otherwise acted for the benefit of creditors as a whole.

The Bankruptcy Court found instead that Appellant worked for the benefit of RLT, which had a significant self-interest in the validity of its $14.8 million proof of claim. It further determined that any concomitant benefit to ACCJ—which had its own attorney to defend the validity of the 2007 agreement—was "incidental."[20] Indeed, RLT's director averred that Appellant performed work solely "in defense of the RLT Claim" and provided "no benefit to ACCJ."[21]

Appellant does not directly challenge any of the Bankruptcy Court's findings but merely argues that it should have been granted an evidentiary hearing and the opportunity to submit further evidence. Specifically, it argues that our opinion in *In re Busy Beaver*

---

[19] JA533 ¶¶ 3, 5.

[20] JA627–30.

[21] JA590 ¶ 9.

*Building Centers, Inc.*[22] required the Bankruptcy Court to conduct an evidentiary hearing, even though it never actually requested one.[23]  Appellant misreads *Busy Beaver*.

*Busy Beaver* held only that before a bankruptcy court can *sua sponte* reject a fee application, it must first give the "applicant an opportunity, should it be requested, to present evidence or argument."[24]  We stressed that this was necessary in *sua sponte* proceedings to simulate the role of an adversary and expressly noted that even then, a bankruptcy court may resolve an application solely based on documentary evidence and oral argument.[25]  As in any legal proceeding, the applicant must simply be afforded "a *meaningful* opportunity to be heard."[26]

Appellant never requested an evidentiary hearing here, and several litigants—ACCJ, RLT, and the United States Trustee—stepped in to oppose Appellant's application and fulfill the role of "adversary."  The Bankruptcy Court then held oral argument and decided the motion based on the arguments of counsel and record evidence; in other words, exactly what *Busy Beaver* would have permitted even in a *sua sponte* proceeding.  It is also

---

[22] 19 F.3d 833 (3d Cir. 1994).

[23] Appellant claims that it twice requested an evidentiary hearing, pointing to two vague statements it made to the Bankruptcy Court expressing a desire to submit undisclosed additional evidence at an indeterminate future time.  *See* JA607 ¶ 10 ("Applicant will seek to proffer additional evidence based on the Court Docket and judicial notice to support the facts necessary for a determination as may be allowed by the Court."); JA627 ("I would undertake to submit a detailed benefit contention that both the U.S. Trustee and Mr. Neumann say I have not yet done.").  These statements neither signaled Appellant's desire for an evidentiary hearing nor explained why such a hearing was necessary.

[24] 19 F.3d at 846.

[25] *Id.* at 846–47 & n.16.

[26] *Id.* at 846 n.16.

notable that the sole piece of additional evidence Appellant asserts that it would have introduced at an evidentiary hearing is an email that Appellant's principal himself drafted nearly two years before the Bankruptcy Court's decision. Appellant therefore had ample opportunity to present this evidence and failed to do so. In short, nothing in *Busy Beaver* requires remand for further proceedings.

Appellant's argument that a hearing is necessary to resolve an alleged "ambiguity" in the Bankruptcy Court's factual findings also misses the mark. Appellant complains that the Court acknowledged that RLT and ACCJ were working together and yet still ruled against its fee application. But a mere cooperative interest between ACCJ and RLT does nothing to show that RLT or Appellant acted to the benefit of *other* creditors or provided something more than an "incidental" benefit to the estate. Appellant provides no reason to disturb the Bankruptcy Court's finding that Appellant's actions were designed only to protect RLT's substantial self-interest in preserving a $14.8 million proof of claim.

Appellant's remaining arguments merit little discussion. First, Appellant claims that the Bankruptcy Court erred by orally reading its factual findings into the record instead of issuing written findings of fact. Appellant is mistaken. The Federal Rules expressly permit a court to state its factual findings "on the record," and Appellant has cited no authority to the contrary.[27] Second, Appellant contends that the Bankruptcy Court should have held an evidentiary hearing or granted additional time to present evidence "as a matter of fairness given Mr. Katchen's medical history [and] the ongoing COVID-19

---

[27] Fed. R. Civ. P. 52(a)(1); *see also* Fed. R. Bankr. P. 7052, 9014(c).

pandemic."[28]  Appellant never raised these concerns to the Bankruptcy Court and, again, they do not explain why Appellant was unable to timely present a two-year-old email before the Court denied its application.

## IV. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[28] Appellant's Br. at 20.